Chew, J.
Numerous questions were raised on the trial of this cause in the court of common pleas two only of which, upon this record, are properly before *266 us for review, these are:- 1. Did the county commissioners of Darke county, Ohio, by presentation to them of the petition for the improvement of the road in controversy, acquire jurisdiction to order said improvement? 2. At the time of filing their petition for injunction in this case had the defendants in error an adequate remedy at law? These propositions we shall consider briefly in the order named. It is conceded by counsel in this case that unless the petition presented to the county commissioners was signed by the requisite number of qualified landowners, said commissioners were without authority or jurisdiction to entertain said petition, or to order the making of said improvement, and that whether or not said petition was so signed depends upon and is to be determined by, the construction or interpretation proper to be given the words “resident owner” as employed in section one of the act of the general assembly passed April 4, 1900, entitled, “An act to provide for the improvement of public roads,” which section provides as follows:
“Section 1. That when a majority of the resident owners of any real estate lying and being within one mile of any public road shall present a petition to the county commissioners of any county in the state of Ohio, asking for [the] grading and improving of any such road, the board of county commissioners shall go upon the line of such road described in such petition, and if in the opinion of the county commissioners the public utility requires such road to be graded and improved, the commissioners shall determine whether the improvement shall be constructed of stone, gravel, or brick, any or all, and they shall determine what part or parts *267 of such road improvement shall be of stone, gravel, or brick, any or all, and shall enter their determination on their journal, and at the same time appoint an engineer to go upon the line of such road and make such markings, gradient lines, plat and profiles and estimates as such commissioners shall order in their entry on their journal, and order that the improvement be made; and at the same time said commissioners shall order that a portion of the cost and expense thereof, which shall not be less than one-half, nor more than two-thirds, of the total cost and expense thereof, shall be paid out of the proceeds of any levy or levies upon the grand duplicate of the county assessed against (which) the taxable property of any township or townships in which such road may be in whole or in part, as authorized by section 5 of this act. And shall also order that the balance of said cost and expense be assessed upon and collected from the owners of the said real estate, and from the real estate benefited thereby in proportion to the benefit to be derived therefrom by said real estate as determined by said commissioners. Said order shall also state the lands which shall be subject to be assessed for the cost and expense of said improvement, and whether the estimated assessment therefor shall be made before the improvement is commenced, or after the same is completed.”
In the present case the record discloses that at the time the petition asking for said road improvement was presented to the commissioners of Darke county, there were then one hundred and six persons residing in said county who owned real estate lying and being within one mile of said proposed improvement. Of this number ninety-eight resided within *268 one mile of said road, and the remaining eight, all of whom were opposed to the making of said improvement, resided more than a mile distant therefrom. Of the ninety-eight persons owning lands and residing ■ within one mile of said road, fifty-two signed the petition asking for said improvement. If therefore, nnder the above statute, in determining whether a majority of the resident owners of real estate have signed a petition for the improvement of a public road only those owning land and actually residing within one mile of said road are to be considered and counted, then the petition in the present case was sufficient, it having been signed by fifty-two of the ninety-eight landowners residing within one mile of the road in said petition described. If, however, all landowners residing within the county who own lands lying within one mile of the road to be improved must be considered and counted in determining whether a majority of the “resident owners” have signed the petition for the improvement, then the petition in the present case was not sufficient and the commissioners were without authority or jurisdiction to proceed with or to order the making of said improvement, — it being admitted that at the time of the presentation of said petition to the commissioners there were one hundred and six such resident owners within Darke county, only fifty-two of whom signed said petition. Obviously, therefore, the question of jurisdiction is to be determined according to the effect and meaning given the expression “resident owners” as found in the foregoing act of April 4, 1900. These words are without definition in the act itself and a comparison of the several parts and provisions of said act contributes little *269 or nothing to the discovery of their intended office and effect. The meaning of these words and the effect the legislature intended they should have as employed and used in this statute may perhaps best be ascertained by a consideration of certain cognate statutes, observing and applying the well established rule, that the provisions of a statute are to be construed in connection with all laws in pari materia and especially with reference to the system of-legislation of which they form a part, and when in a systém of laws relating to a particular subject a. general policy is plainly declared, in order to arrive at the meaning of any particular part or pro-, vision the whole must be considered and that construction adopted, if may be, which will bring it in harmony with such general policy. Cincinnati v. Connor, 55 Ohio St., 82; Cincinnati v. Guchenberger, 60 Ohio St., 353. The act we are now considering is, as was said by the learned trial judge, “an act properly supplementary to the one and two mile assessment' acts which relate especially to making road improvements by special assessments. They are in pari materia; the objects are .the same, the persons interested are the same, and the same general plan of assessment is contemplated. * * * We may therefore look to these acts for aid as to the legislative intent, and particularly as to the meaning of terms used in the act under consideration.” Under the one and two mile assessment acts, all residents of the county owning lands within the assessment district may be petitioners, and all must be counted or considered in determining majorities. These statutes which were passed and had been in force for many years prior to April 4, 1900, are, we think, declarative of the general policy which *270 the legislature intended to prescribe and adopt iu the matter of the making and improvement of roads, and a consideration of their provisions shows that it was the legislative purpose and intent to require that all landowners resident of the county, who own lands within the assessment district, which must bear the burden and will share the advantages resulting from the proposed improvement, shall be considered in determining whether or not a majority of the resident owners favor the making of the contemplated improvement. Such then being the declared general policy at the time the act under consideration was passed and there being nothing in the act itself to indicate an intent to ehangé or abandon such policy, and no reason being shown or suggested, why in the making of the improvement contemplated by this act such policy should be disregarded or abandoned, obedience to the rules of interpretation would seem to require that in construing the language and provisions of said act such general policy should be allowed to control. It follows therefore that the words “resident owners” as found in this act must be held to mean resident of the county and not merely resident of the assessment district, and such was the construction given them by both the circuit court and the court of common pleas.
The only remaining question is, was injunction the proper remedy? As to this we think it enough to say, that inasmuch as presentation to the county commissioners of a petition signed by the requisite number.of resident landowners is necessary.to confer jurisdiction, and is a condition essential and precedent to the right of the commissioners to act. No such petition in the present case having been *271 filed or presented, the commissioners were without lawful authority to proceed with said proposed improvement because wholly without jurisdiction. Injunction therefore was the appropriate remedy.

Judgment affirmed.

Shatjck, C. J., Summers and Davis, JJ., concur.